UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| RAHMA SHEIKH, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | 2:16-cv-00638-JAW |
| STATE OF MAINE, | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

In this action, Petitioner Rahma Sheikh seeks relief pursuant to 28 U.S.C. § 2254 from her commitment to the custody of the Commissioner of Health and Human Services, following a charge of aggravated assault and a plea of not guilty/not criminally responsible.[1] (Petition, ECF No. 1; Attachment, ECF No. 1-3.) Petitioner argues it is "impossible to know whether Petitioner entered a voluntary plea," because the state court did not employ certain procedural safeguards at the hearing. (Reply, ECF No. 11 at 2; Petition at 5.) More specifically, Petitioner argues that because a state psychologist, approximately one week before the plea, concluded Petitioner was only minimally competent, and because competency can fluctuate between the time of a pre-hearing evaluation and a hearing, due process requires an evaluation or assessment immediately before the plea is entered to ensure the plea is knowing and voluntary. (Reply at 2.) The State asks the Court to deny relief, and dismiss the petition. (Response, ECF No. 3.)

---

[1] The petition was signed by Petitioner's sister and legal guardian.

Following a review of the record, the petition, and the State's response, I recommend the Court grant the State's request, and dismiss the petition.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was indicted in October 2012 for aggravated assault (Class B), 17-A M.R.S. § 208(1)(B). (*State v. Sheikh*, No. CUMCD-CR-2012-06014 Unified Criminal Docket (Cumberland Cty., Oct. 5, 2012), Indictment, Docket Record at 2.) The indictment alleged that Petitioner caused bodily injury by use of a knife. (Indictment.)

The court held a hearing on February 7, 2013, at which hearing the court found, based on an undisputed forensic report dated February 1, 2013, that there was a factual basis for a plea of not guilty/not criminally responsible by reason of insanity, and that Petitioner was competent to enter the plea. (Hearing Tr. at 1, 3-4, 8-9.) The discussion and colloquy included the following:[2]

> THE COURT: It's true, you don't want a trial? You don't want a jury trial? You don't want the right to contest the State's charge?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: All right. And so what I also have to find out – I'm assuming, does anyone think I need – we need to do the full Rule 11 under these circumstances? I'm assuming that all we need to do is make sure that [counsel] has explained those rights – since no one's contesting this, that [counsel] has explained those rights, that Ms. Shelkh understands those rights, and that she understands the implications of this plea, of the not criminally responsible plea.
>
> [COUNSEL]: I think that's accurate.

---

[2] The state court's post-conviction order explains that the petitioner's last name was spelled "Shelkh" in some of the documents in the case, but that Petitioner spelled her name "Sheikh" at the post-conviction hearing. (*Sheikh v. State*, No. CR-15-2497 Unified Criminal Docket (Cum. Cty, Sept. 16, 2015), Post-conviction Order at 1 n.1.)

2

. . .

THE COURT: Okay. So, Ms. Shelkh, here's all I have to tell you, is that, and I know [counsel] has almost certainly already told you this, that by pleading not criminally responsible and having that plea accepted without it – by the Court, and with no objection from the State, the result will be you'll go back to Riverview –

THE DEFENDANT: Uh-huh.

THE COURT: -- Psychiatric Center.

THE DEFENDANT: Yes.

THE COURT: And you – they will be keeping you there and offering treatment and evaluation. And how long you will remain there is unclear; it could be a substantial amount of time.

THE DEFENDANT: Okay.

THE COURT: Do you understand that?

THE DEFENDANT: Yes. Yes.

THE COURT: All right. And what will happen is that you'll have some various evaluations and they will be proposing various plans of treatment. And at some point, if you disagree with them about what's happening, you can have a hearing.

THE DEFENDANT: Okay.

THE COURT: It won't be in front of me. It'll be in front of a judge up in Augusta, but you'll have a chance to have some hearing. You'll have a chance to come to court, but there is no guarantee when you'll – when you'll get out or what will happen at such a court hearing. Do you understand all that?

THE DEFENDANT: Yes.

(*Id.* at 5-7.) The court ordered Petitioner to be committed to the custody of the Commissioner of Health and Human Services, pursuant to 15 M.R.S. § 103. (Commitment order.)

Petitioner subsequently filed a motion to withdraw the plea; the court denied the motion without prejudice after Petitioner filed a post-conviction petition. (Order, Docket Record at 6.) In April 2015, Petitioner filed a petition for post-conviction review in which petition she argued the plea was not knowing and voluntary, and that counsel provided ineffective assistance. (*Sheikh v. State*, No. CUMCD-CR-2015-02497 (Cumberland Cty. Apr. 6, 2015), Petition at 2, Docket Record at 1.)

In August 2015, the court held an evidentiary hearing on the post-conviction petition. (Post-conviction Tr. at 1, Docket Record at 1.) On September 16, 2015, the court denied the petition. (Order at 5.) On Petitioner's claim of ineffective assistance of counsel, the court credited counsel's testimony that she correctly explained the ramifications of the plea, "including the potentially indeterminate commitment;" the court concluded that counsel did not provide ineffective assistance. (*Id.* at 2-3.)

On Petitioner's challenge to the voluntariness of the plea, the court found that Petitioner "did in fact possess the minimal skills associated with competency" when she entered the plea. (*Id.* at 4.) The court based the finding on the competency evaluation report, on a review of the transcript of the hearing, and on counsel's testimony that Petitioner "was engaged and medically compliant when she met with [counsel] in late January and on the day of her plea." (*Id.*)

4

The court also found that the plea was knowing and voluntary. (*Id.*) In support of the finding, the court cited counsel's testimony that Petitioner "was very averse to going back to jail," and that Petitioner believed commitment was in her best interest. (*Id.*) The court further determined, based on counsel's explanation of the plea to Petitioner, and based on Petitioner's statements at the hearing, that Petitioner "understood that her commitment was indeterminate." (*Id.*)

In October 2015, Petitioner requested discretionary review by the Law Court, solely of the claim challenging the involuntariness of the plea; Petitioner asserted that she did not wish to pursue the claim of ineffective assistance of counsel on discretionary appeal. (*Sheikh v. State*, No. Cum-15-501, Memorandum in Support of Certificate of Probable Cause, Docket Record at 1.)

In her request for review by the Law Court, Petitioner argued that due to mental illness and the effects on her cognition of injuries from a 2007 car accident, her mental competency was subject to change, and therefore, the court should have employed additional procedural safeguards to ensure a knowing and voluntary plea. (Memorandum in Support of Certificate of Probable Cause.) Petitioner's suggested procedural safeguards included a meeting with counsel and the evaluating psychologist just before the plea, and the presence of the evaluating psychologist during the competency hearing. (*Id.*)

In February 2016, the Law Court denied a certificate of probable cause. The Court wrote: "After review of the record, the Court has determined that no further hearing or other action is necessary to a fair disposition of the matter with regard to [Petitioner's]

5

assertions." (Order Denying Certificate of Probable Cause.) Petitioner subsequently initiated this action.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2254(a), a person in custody pursuant to the judgment of a state court may apply to a federal district court for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Petitioner exhausted the claim in state court, pursuant to section 2254(b)(1)(A). Relief may not be granted on a claim that has been fully adjudicated on the merits in state court unless (1) the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," pursuant to section 2254(d)(1); or (2) the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," pursuant to section 2254(d)(2).[3] *See Brumfield v. Cain*, --- U.S. ---, ---, 135 S. Ct. 2269, 2276-77 (2015) (noting that a state court's conclusion that the record included "no evidence" on an issue was reviewed under section 2254(d)(2)).

---

[3] Title 28 U.S.C. § 2254(d) addresses claims that were adjudicated on the merits in state court and states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim−
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

6

Petitioner's argument is pursuant to section 2254(d)(1), rather than section 2254(d)(2), as she does not argue the decision was based on an unreasonable determination of specific facts at the hearing. Instead, Petitioner argues that as a matter of law, under the circumstances of her case, the process should include additional safeguards to ensure her plea is knowing and voluntary. (Petition at 5; Reply at 3.)

"It is settled that a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.'" *Nevada v. Jackson,* --- U.S. ---, ---, 133 S.Ct. 1990, 1992 (2013) (quoting *Harrington v. Richter,* 562 U.S. 86, 102 (2011)). In *Medina v. California*, 505 U.S. 437 (1992), the Supreme Court held that "the Due Process Clause permits a State to require a defendant who alleges incompetence to stand trial to bear the burden of proving so by a preponderance of the evidence." 505 U.S. at 439, 452-53. The Court noted that "'[t]raditionally, due process has required that only the most basic procedural safeguards be observed; more subtle balancing of society's interests against those of the accused ha[s] been left to the legislative branch.'" 505 U.S. at 453 (quoting *Patterson v. New York*, 432 U.S. 197, 210 (1977)).[4]

---

[4] Regarding the substantive competency standard, which Petitioner does not contest, in *Cooper v. Oklahoma*, 517 U.S. 348 (1996), the Court noted: "The test for incompetence is . . . well settled. A defendant may not be put to trial unless he 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . [and] a rational as well as factual understanding of the proceedings against him.'" 517 U.S. at 354 (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam)) (quotation marks omitted); *see Godinez v. Moran*, 509 U.S. 389, 396-97 (1993) (holding that a single substantive standard governs both competence to stand trial and competence to plead guilty). "In a competency hearing, the 'emphasis is on [the defendant's] capacity to consult with counsel and to comprehend the proceedings, and . . . this is by no means the same test as those which determine criminal responsibility at the time of the crime.'" *Medina v. California*, 505 U.S. 437, 448 (1992) (quoting *Pate v. Robinson*, 383 U.S. 375, 388-89 (1966) (Harlan, J., dissenting)).

7

Petitioner has not cited and research has not revealed established Supreme Court precedent at the time of the state court decision (or now) in support of Petitioner's due process argument. *See Yarborough v. Alvarado*, 541 U.S. 652, 660-61 (2004) ("For purposes of 28 U.S.C. § 2254(d)(1), clearly established law as determined by this Court 'refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision.'") (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). The case on which Petitioner relies, *Henderson v. Morgan*, 426 U.S. 637 (1976), does not address the issue. (Reply at 3-4.) Rather, in *Henderson*, the issue was "whether a defendant may enter a voluntary plea of guilty to a charge of second-degree murder without being informed that intent to cause the death of his victim was an element of the offense." *Id.* at 638. The Court, in concluding that the plea was involuntary, noted that the trial court had determined that the element of intent had not been explained to the defendant and cited the defendant's "unusually low mental capacity" as a likely reason for counsel's failure to explain the element of intent to the defendant, and as a basis on which to conclude that the lack of explanation was not harmless error. *Id.* at 647. The competency of the defendant and the due process issue raised by Petitioner were not issues in *Henderson*.

In this case, the court's reliance on the undisputed forensic report, observations of Petitioner during the colloquy at the hearing, and counsel's assurance that Petitioner did not contest a finding of competency, was not contrary to or an unreasonable application of the procedural due process standard set forth in *Medina*.[5] *See Rosenthal v. O'Brien*,

---

[5] Because in this case the Law Court did not provide the reasoning for its denial of a certificate of probable cause, the final reasoned analysis of the state court, for purposes of review under 28 U.S.C. § 2254, is the

8

713 F.3d 676, 684 (1st Cir. 2013) (holding that a state court decision, on a motion for a new trial, that the trial court reasonably decided not to hold a competency hearing *sua sponte*, was not contrary to or an unreasonable application of federal law). Petitioner is thus not entitled to relief pursuant to 28 U.S.C. § 2254(d)(1).[6]

### III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. I recommend the Court dismiss Petitioner's petition for habeas relief under 28 U.S.C. § 2254, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any

---

order of the Unified Criminal Docket on post-conviction review. "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Hittson v. Chatman*, 135 S. Ct. 2126 (2015) (Ginsburg, J., concurring in denial of certiorari).

[6] Although Petitioner apparently does not claim that he is entitled to relief under 28 U.S.C. § 2254(d)(2), such a claim would not have been successful in any event, because Petitioner alleges no facts that would support a claim that the state court's competency determination constituted an unreasonable determination of the facts in light of the evidence presented in the hearing. *See Rosenthal v. O'Brien*, 713 F.3d 676, 684 n.4 (1st Cir. 2013) ("A finding of competency is treated as a purely factual matter.") (citing *Demosthenes v. Baal*, 495 U.S. 731, 735 (1990) (per curiam)) (citations omitted).

request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

  Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

          /s/ John C. Nivison
          U.S. Magistrate Judge

Dated this 29th day of June, 2017.